# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| *In re:*<br><br>*Application of the Reporters Committee for Freedom of the Press for an Order Authorizing the Release of Grand Jury Material Cited, Quoted, or Referenced in the Report of Special Counsel Robert S. Mueller III* | Case: 1:19-mc-00045<br>Chief Judge Beryl A. Howell |

## MOTION TO CONSOLIDATE

Pursuant to Federal Rule of Civil Procedure 42 and Local Civil Rule 40.5(d), the Reporters Committee for Freedom of the Press ("Reporters Committee") respectfully moves to consolidate its Application for an Order Authorizing the Release of Grand Jury Material Cited, Quoted, or Referenced in the Report of Special Counsel Robert S. Mueller III, filed April 1, 2019 (the "Reporters Committee Application"), with the Application of the House Judiciary Committee, designated by the Committee as a related case and docketed as *In re: Application of the Committee on the Judiciary, U.S. House of Representatives, for an Order Authorizing the Release of Certain Grand Jury Materials*, No. 1:19-gj-00048-BAH (D.D.C. July 26, 2019), Dkt. 1 (the "House Judiciary Application").

## INTRODUCTION

Over the course of a two-year investigation, Special Counsel Robert S. Muller III examined whether Russia interfered in the 2016 U.S. presidential election, whether President Donald J. Trump and/or members of his presidential campaign conspired with Russia to interfere in the election, and whether the President obstructed justice. That investigation culminated in a nearly 400-page report (the "Special Counsel's Report") that generated enormous national

attention and speaks to some of the most urgent political, constitutional, and national security questions of our time.  To date, however, only a redacted version of the Special Counsel's Report has been made available—to the public, to the press, and even to the House of Representatives, whose Judiciary Committee is considering whether to commence impeachment proceedings against the President.  Further, the Attorney General has made clear that he does not intend to release unredacted versions of the Report and its underlying materials, on the ground that those materials must be kept secret pursuant to Federal Rule of Criminal Procedure 6(e), which prohibits the disclosure of grand jury matters except in certain enumerated circumstances.  *See* Letter from Att'y Gen. William P. Barr to Sen. Lindsey Graham, Rep. Jerrold Nadler, Sen. Dianne Feinstein, and Rep. Doug Collins 4 (Mar. 24, 2019), *available at* https://wapo.st/2V7mi4i.

On April 1, 2019, in an effort to promote transparency and government accountability, the Reporters Committee—a nonprofit association dedicated to defending First Amendment freedoms and the rights of the press and the public to access government records—filed in this Court an application to obtain access to the full, unredacted Special Counsel's Report, as well as related documents, including transcripts or exhibits referenced in its redacted portions.  In its application, the Reporters Committee asked the Court to authorize the release to the public of the grand jury transcripts, exhibits, and other materials on the ground that they fall within specified exceptions to Rule 6(e)'s secrecy requirement.  *See In re Application to Unseal Dockets Related to the Indep. Counsel's 1998 Investigation of President Clinton*, 308 F. Supp. 3d 314, 323 (D.D.C. 2018) (Howell, C.J.).  Those exceptions include the "judicial proceeding" exception,

Fed. R. Crim. P. 6(e)(3)(E)(i), the national security exception, Fed. R. Crim. P. 6(e)(3)(D), and the government-attorney exception, Fed. R. Crim. P. 6(e)(3)(A)–(B).[1]

On July 26, 2019, the House Judiciary Committee filed its own application, also seeking access to all portions of the Special Counsel's Report redacted pursuant to Rule 6(e), as well as to related transcripts and exhibits.  Like the Reporters Committee, the House Judiciary Committee argues that this Court should order disclosure under the "judicial proceeding" exception to Rule 6(e).  The Judiciary Committee explained that it is presently investigating whether to recommend articles of impeachment, which would involve a "judicial proceeding," and that it has a "particularized" and "compelling need for the requested materials" in order to understand what interactions took place between Trump campaign officials and Russian government agents and what the President knew about those interactions.  House Judiciary Application, at 3, 26–40.  The House Judiciary Application was also assigned to this Court, and the parties have agreed to a briefing schedule requiring the Department of Justice to oppose the House Judiciary Application by September 13, with the Committee to reply by September 30. *See* Docket, *In re: Application of the Committee on the Judiciary, U.S. House of Representatives, for an Order Authorizing the Release of Certain Grand Jury Materials*, No. 1:19-gj-00048-BAH (D.D.C. July 26, 2019).

The Reporters Committee Application and the House Judiciary Application should proceed on the same track, and the Reporters Committee hereby moves to consolidate those proceedings.  Pursuant to Federal Rule of Civil Procedure 42(a), "[i]f actions before the court

---

[1] The Reporters Committee also asked this Court to release these materials pursuant to the Court's inherent authority to authorize the release of grand jury materials to the public for reasons not expressly enumerated in Rule 6(e).  In light of the D.C. Circuit's recent decision in *McKeever v. Barr*, 920 F.3d 842 (D.C. Cir. 2019), going forward the Reporters Committee intends to limit its arguments in favor of public access to those based on Rule 6(e)'s express exceptions to grand jury secrecy.  The Reporters Committee Application has been stayed pending the D.C. Circuit's decision on the petition for rehearing en banc in *McKeever*, which was denied on July 23, 2019.

involve a common question of law or fact, the court may . . . consolidate the actions" or "join for hearing or trial any or all matters at issue in the actions." Fed. R. Civ. P. 42(a). Consolidation "helps to relieve the parties and the court of the burden of duplicative proceedings and court orders." *Hanson v. District of Columbia*, 257 F.R.D. 19, 21 (D.D.C. 2009). It is manifestly appropriate here. The Reporters Committee Application and the House's involve substantially the "same parties," feature many of the same legal arguments, and "arise from the same series of events or facts." *Id.* In fact, the House Judiciary Committee has already stated that its application "involves common issues of fact" and "grows out of the same event or transaction" as the Reporters Committee Application, and should therefore be deemed related. *See* Notice of Designation of Related Civil Cases, *In re: Application of the Committee on the Judiciary, U.S. House of Representatives, for an Order Authorizing the Release of Certain Grand Jury Materials*, No. 1:19-gj-00048-BAH (D.D.C. July 26, 2019), Dkt. 2. These two proceedings are therefore "apt candidates for consolidation." *Hanson*, 257 F.R.D. at 21.[2] Moreover, given that the Reporters Committee is willing to proceed along the already-adopted briefing schedule the parties agreed to regarding the House Judiciary Application, consolidation will cause no "confusion or prejudice" here. *Id.*

The Reporters Committee therefore respectfully requests that this Court consolidate proceedings regarding its application with that filed recently by the House.

**ARGUMENT**

District courts enjoy broad discretion in determining whether consolidation is appropriate. *See, e.g.*, *Nat'l Ass'n of Mortg. Brokers v. Bd. of Governors of the Fed. Reserve Sys.*, 770 F. Supp. 2d 283, 286 (D.D.C. 2011) (Howell, J.); *Moten v. Bricklayers*, *Masons &*

---

[2] The government has advised that it intends to oppose this motion.

*Plasterers Int'l Union*, 543 F.2d 224, 228 n.8 (D.C. Cir. 1976) ("[T]he question of consolidation . . . is ordinarily left to the sound discretion of the District Court."). "In exercising that discretion, district courts weigh the risk of prejudice and confusion wrought by consolidation against the risk of inconsistent rulings on common factual and legal questions, the burden on the parties and the court, the length of time, and the relative expense of proceeding with separate lawsuits if they are not consolidated." *Nat'l Ass'n of Mortg. Brokers*, 770 F. Supp. 2d at 286; *see also Chang v. United States*, 217 F.R.D. 262, 265 (D.D.C. 2003) (indicating that courts balance "considerations of convenience and economy against considerations of confusion and prejudice"). "Actions that involve the same parties are apt candidates for consolidation." *Hanson v. District of Columbia*, 257 F.R.D. 19, 21 (D.D.C. 2009). Consolidation is "a valuable and important tool of judicial administration," *Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999), and "relieves the parties and the Court of the burden of duplicative pleadings and Court orders," *New York v. Microsoft Corp.*, 209 F. Supp. 2d 132, 148 (D.D.C. 2002); *see also Rankin v. Shayne Bros.*, 234 F.2d 35, 39 (D.C. Cir. 1956) ("Since there were common questions of fact the consolidation was permissible under Rule 42(a)."). "Consolidation is particularly appropriate when the actions are likely to involve substantially the same witnesses and arise from the same series of events or facts." *Hanson*, 257 F.R.D. at 21.

Principles of judicial economy counsel strongly in favor of consolidation here. The Reporters Committee Application and the House Judiciary Application both "involve review of the same underlying decision" by Attorney General William Barr to withhold portions of the Special Counsel's Report and underlying materials, *Biochem Pharma, Inc. v. Emory Univ.*, 148 F. Supp. 2d 11, 13 (D.D.C. 2001), and therefore stem from the "same series of events or facts," *Hanson*, 257 F.R.D. at 21. Both applications ask this Court to direct the release of unredacted

5

versions of documents pertaining to the Special Counsel's investigation into Russian interference with the 2016 presidential election and any involvement of President Trump or his campaign officials. Both applications involve common legal questions, including (1) whether any exception to Rule 6(e) applies; and (2) whether Attorney General Barr should be ordered to disclose the Special Counsel's Report in its entirety, along with related documents referenced in the Report. Both applications will be litigated against the same party—the Department of Justice. And both applications seek similar relief—an order requiring the Attorney General and the Department of Justice to disclose the Special Counsel's Report, as well as transcripts, exhibits, or other grand jury materials cited, quoted, or referenced in it.

Although the plaintiffs in the two actions are differently situated, "identity of the parties is not a prerequisite" to consolidation. *Nat'l Ass'n of Mortg. Brokers*, 770 F. Supp. 2d at 286. The Reporters Committee—which defends the rights of the press and the public to access government records—seeks release of the requested materials to the public at large, in order to ensure transparency, promote governmental accountability, and improve the public's understanding of a significant historical event. *See* Reporters Committee Application at 3, 11. The House Judiciary Committee seeks disclosure only to itself, subject to the Committee Chairman's protocol for protecting the confidentiality of grand jury information, in order to carry out its institutional responsibility to determine whether to recommend articles of impeachment. *See* House Judiciary Application at 25. But "where, as here, the plaintiffs are different but are asserting identical questions of law against the same defendant," consolidation is appropriate. *Nat'l Ass'n of Mortg. Brokers*, 770 F. Supp. 2d at 286; *see also Judicial Watch, Inc. v. U.S. Dep't of Energy*, 207 F.R.D. 8, 9 (D.D.C. 2002) (granting a motion to consolidate cases brought by two different plaintiffs for access to the same government records); *Hanson*, 257 F.R.D. at

21–23 (granting a motion to consolidate cases brought by two different "sets of plaintiffs"). Given the overlapping questions of fact and law, and the near-identical remedies requested, consolidation is plainly appropriate. *See Nat'l Ass'n of Mortg. Brokers*, 770 F. Supp. 2d at 286.

Finally, no prejudice or confusion would result from consolidation here. Both applications are not only pending in the same district court, but both are also already assigned to this Court. The actions are in the same procedural posture; no opposition brief to either application has been filed. *See Citizens for Responsibility & Ethics in Wash. v. U.S. Dep't of the Treasury*, 2013 WL 12310810 (D.D.C. Sept. 6, 2013), at *1 ("[N]either confusion nor prejudice to the parties is at issue because both cases are at an early stage of litigation."); *Great N. Ins. Co. v. Griffith Energy Servs., Inc.*, 2011 WL 13262713, at *1 (D.D.C. July 19, 2011) (same). Further, because the Reporters Committee is willing to proceed along the briefing schedule the House Judiciary Committee and the Department of Justice have adopted—provided, of course, that the Department of Justice is prepared to respond to the Reporters Committee Application in its opposition brief due on September 13, and that the Reporters Committee is permitted to file its own reply brief on September 30—no disruption to either proceeding will result from consolidation.

In short, because consolidation would "facilitate a more efficient resolution of these cases," *Colbert v. FBI*, 275 F.R.D. 30, 32 (D.D.C. 2011), and would not involve any "sacrifice of justice," *Devlin*, 175 F.3d at 130 (emphasis omitted), the Reporters Committee and House Judiciary Applications should be consolidated.

## CONCLUSION

For the foregoing reasons, this Court should consolidate *In re: Application of the Reporters Committee for Freedom of the Press for an Order Authorizing the Release of Grand*

*Jury Material Cited, Quoted, or Referenced in the Report of Special Counsel Robert S. Mueller III*, No. 19-mc-00045-BAH (D.D.C.), with *In re: Application of the Committee on the Judiciary, U.S. House of Representatives, for an Order Authorizing the Release of Certain Grand Jury Materials*, No. 1:19-gj-00048-BAH (D.D.C. July 26, 2019).

Dated:  August 6, 2019

Respectfully submitted,

/s/ THEODORE J. BOUTROUS
THEODORE J. BOUTROUS
DC Bar No. 420440
THEANE EVANGELIS (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, California 90071-3197
(213) 229.7000
tboutrous@gibsondunn.com

AMIR C. TAYRANI
DC Bar No. 490994
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
(202) 955.8500
atayrani@gibsondunn.com

LEE R. CRAIN (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York City, New York
(212) 351.2454
lcrain@gibsondunn.com

BRUCE D. BROWN
D.C. Bar No. 457317
KATIE TOWNSEND
D.C. Bar No. 1026115
THE REPORTERS COMMITTEE FOR
FREEDOM OF THE PRESS
1156 15th St. NW, Suite 1020
Washington, D.C. 20005
Phone: 202.795.9300
Facsimile: 202.795.9310
bbrown@rcfp.org
ktownsend@rcfp.org

*Counsel for Applicant the Reporters Committee for Freedom of the Press*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| *In re:*<br><br>*Application of the Reporters Committee for Freedom of the Press for an Order Authorizing the Release of Grand Jury Material Cited, Quoted, or Referenced in the Report of Special Counsel Robert S. Mueller III* | Case: 1:19-mc-00045<br>Chief Judge Beryl A. Howell |

## **[PROPOSED] ORDER**

The motion to consolidate is hereby **GRANTED**.  *In re: Application of the Committee on the Judiciary, U.S. House of Representatives, for an Order Authorizing the Release of Certain Grand Jury Materials*, No. 1:19-gi-00048-BAH, is **CONSOLIDATED** with the above-captioned case.

**SO ORDERED** this _____ day of _____, 2019.

Dated:

_____
Beryl A. Howell
United States District Judge