THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| IN RE: APPLICATION OF THE REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS FOR AN ORDER AUTHORIZING THE RELEASE OF GRAND JURY MATERIAL CITED, QUOTED, OR REFERENCED IN THE REPORT OF SPECIAL COUNSEL ROBERT S. MUELLER III | Misc. No. 19-045 (BAH) |

## GOVERNMENT'S OPPOSITION TO REPORTERS COMMITTEE'S MOTION FOR "EXTENSION OF TIME"

Reporters Committee for Freedom of the Press ("Reporters Committee") styles this motion as one for extension of time to respond to the government's motion to dismiss or deny its application. In fact, it bears no resemblance to a true request for enlargement, and instead asks the Court (again), to effectively grant its motion for consolidation by extending its briefing to parallel that of the pending House Judiciary Committee ("HJC") application. For the reasons that follow, this motion should be denied.

1.  Reporters Committee gives no reason as to why it requires four additional weeks to draft a reply to a straightforward response pointing out that the textual provisions of Criminal Rule 6(e) on which Reporters Committee relies are wholly inapplicable. And there is none. Reporters Committee presumably had reasons that it believed these provisions applied because it included them in its application. Responding to the government's short response should therefore be a simple task. The only explanation Reporters Committee attempts belies its true motive. It claims that, "aligning the briefing schedules will allow the Court to consider both applications, which present overlapping legal issues, on the merits simultaneously." Motion at 2. That is not an explanation for needing more time, but rather another attempt to argue in favor of

consolidation. *See* Motion for Consolidation at 6 (arguing that the applications should be consolidated because "they are asserting identical questions of law against the same defendant."). If Reporters Committee wants to present additional argument on that score, it should timely file its reply brief and allow the Court to decide the issue.

2. It is clear, moreover, that there are no overlapping legal issues. Two of the three textual bases for Reporters Committee's application are not present in the HJC application. The third basis – the "judicial proceeding" provision – cannot apply to Reporters Committee because it identifies no judicial proceeding of which it is part, and it cannot litigate on behalf of the HJC. These applications, therefore, have no legal commonality, and Reporters Committee identifies no reason whatsoever why it is unable to respond to the government's arguments. Indeed, Reporters Committee never explains why it is so determined to attach itself to the HJC proceedings. Whatever its motivations, however, they are decidedly not legal, and there exists no reason whatsoever to delay the adjudication of Reporters Committee's petition.[1]

3. Reporters Committee states in a footnote to its motion that, alternatively, it requires a "real" extension of time due to "scheduling reasons." Motion at 2, n.2. Had Reporters Committee approached undersigned counsel with a request for a reasonable extension of time, several days for example, and provided a reason, undersigned counsel would have certainly extended that professional courtesy. But Reporters Committee never identified any such conflict in its meet-and-confer with counsel, never stated what scheduling issues would prevent each of

---

[1] This Court has demonstrated time and again that it does not require vast amounts of time to issue a ruling. *See* Motion at 2 (arguing that an extension would "give the Court time to rule"). With respect to other petitions for disclosure of grand jury information, also stayed pending the *McKeever* decision, the Court has issued swift decisions, without the need for oral argument. *See, e.g.*, *In re: Shepard*, Misc. No. 11-044 (minute order dated Aug. 14, 2019).

the many attorneys on this case from filing a timely response, and never stated how much time it required.  Even its current motion includes none of that essential information.  Under these circumstances, this motion to consolidate briefing schedules (incorrectly styled as a motion for extension) should be denied.

## CONCLUSION

For all the reasons stated above, the Court should deny Reporters Committee's Motion for an Extension of Time.

Dated: August 16, 2019                                  Respectfully submitted,

                                                        JOSEPH H. HUNT
                                                        Assistant Attorney General


                                                        /s/ *Elizabeth J. Shapiro*
                                                        ELIZABETH J. SHAPIRO
                                                        (DC. Bar No. 418925)
                                                        JONATHAN I. KRAVIS
                                                        United States Department of Justice
                                                        1100 L Street, NW
                                                        Washington, DC 20530
                                                        Phone: (202) 514-5302
                                                        Fax: (202) 616-8470
                                                        Email: Elizabeth.Shapiro@usdoj.gov