# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| IN RE: APPLICATION OF THE REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS FOR AN ORDER AUTHORIZING THE RELEASE OF GRAND JURY MATERIAL CITED, QUOTED, OR REFERENCED IN THE REPORT OF SPECIAL COUNSEL ROBERT S. MUELLER III | Misc. No. 19-045 (BAH) |

## GOVERNMENT'S REPLY IN SUPPORT OF ITS CROSS-MOTION TO DISMISS OR DENY THE APPLICATION WITHOUT PREJUDICE

Reporters Committee for Freedom of the Press ("Reporters Committee") confirms in its opposition that it makes this Application in the general interests of transparency, so that it may disclose the "the grand jury material at issue to the public." Opp., pp. 2, 7-9. For the reasons set forth in its opening motion, and below, this generalized interest cannot satisfy the judicial proceedings exception of Rule 6(e), or any other of that Rule's exceptions. Accordingly, the Application should be denied.

1.  Reporters Committee's opposition misconstrues the government's "standing" argument. The government did not argue that Reporters Committee could not present to the Court the Application that it brought. Rather, the government argued that the Application was meritless post-*McKeever,* and that Reporters Committee identified no judicial proceeding in which it (as opposed to Congress) had a particularized interest. Within the text of Rule 6(e), the principles of standing translate to the particularized need standard that the Supreme Court has set forth in determining whether a petitioner has satisfied the "strong showing" of need for "avoiding a possible injustice" in another proceeding. *United States v. Sells Engineering, Inc.,* 463 U.S. 418, 443 (1983); *Douglas Oil Co. v. Petrol Stops Northwest,* 441 U.S. 211, 218, (1979).

*See* Government's Cross-Motion at 4 ("These familiar concepts of Article III injury are fully embodied within the requirement that a petitioner seeking the release of grand jury information make a "strong showing of particularized need.")  Reporters Committee concedes that the only "injustice" it claims is a generalized one shared by the public at large.  *See* Opp at 8 ("access to these materials would promote its demonstrated interest in supporting the newsgathering activities of journalists and in promoting transparency in government").  By definition, such a "need" is not "particularized" and cannot satisfy the judicial proceedings standard under Rule 6(e).  To find otherwise would be antithetical to the principles of grand jury secrecy that the Rule was designed to protect.  *See generally*, *McKeever v. Barr*, 920 F.3d 842, 844 (D.C. Cir. 2019) (holding that Rule 6(e) comprehensively governs disclosures, and that secrecy is the norm).

    2.    Indeed, Reporters Committee mistakenly views Criminal Rule 6(e) as a public access statute, when the opposite is true.  The default in Rule 6(e) is secrecy, not transparency.  *See supra*.  And there is no First Amendment right of access to grand jury information, a proposition Reporters Committee does not dispute, nor any other general right of access to such information.  *Cf.*, *Houchins v. KQED, Inc.*, 438 U.S. 1, 15 (1978) (plurality opinion) ("Neither the First Amendment nor the Fourteenth Amendment mandates a right of access to government information or sources of information within the government's control.")  Congress did legislate a public access statute, however, and it is through that statute – the Freedom of Information Act – that the public's interest in transparency is vindicated.  *See Fund for Constitutional Gov't v. National Archives and Records Services, et al.*, 656 F.2d 856 (D.C. Cir. 1981).  The judicial

proceedings exception of Rule 6(e) was not intended as an end-run around that statute.[1]  *See* Opp., p. 9, n.6 ("Reporters Committee is not likely to succeed in procuring the release of the full Report through FOIA.")

3. Reporters Committee adds nothing new to its meritless argument that the "national security exception" and "government attorney" exceptions support disclosure.  These exceptions are not even within those for which the Court can authorize disclosure.  *See* Rule 6(e)(3)(E)(i)-(v); *McKeever*, *supra*.  Moreover, contrary to Reporters Committee's suggestion, Opp., p. 14, the "government personnel" referred to in the text of Rule 6(e)(3)(A)(ii) is keyed to personnel that "an attorney for the government" considers necessary to carry out its prosecutorial function.  Reporters Committee does not, and cannot, dispute that the Rules narrowly define "attorney for the government," *See* Criminal Rule 1(b)(1), and "House personnel," Opp., p. 14, clearly fall outside that definition.  Tellingly, Reporters Committee's arguments ultimately all rely on the asserted interests of its alleged "willing speaker," the House of Representatives.  But that body has filed its own Application, which it is currently litigating on its own behalf.  This Application, intended to vindicate the public's interest, is simply without merit, and should be denied at this time.

---

[1] Local Criminal Rule 57.6 does not conflict with Criminal Rule 6(e), nor does it permit generalized access to grand jury information.  Opp., p. 10.  It merely provides a procedural mechanism for non-parties in a criminal matter to seek relief.

Dated: September 3, 2019

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

/s/ *Elizabeth J. Shapiro*
ELIZABETH J. SHAPIRO
(DC. Bar No. 418925)
Civil Division, U. S. Dept. of Justice
JONATHAN I. KRAVIS
Assistant United States Attorney
Washington, DC 20530
Phone: (202) 514-5302
Fax: (202) 616-8470
Email: Elizabeth.Shapiro@usdoj.gov