UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APPLICATION OF THE REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS FOR AN ORDER AUTHORIZING THE RELEASE OF GRAND JURY MATERIAL CITED, QUOTED, OR REFERENCED IN THE REPORT OF SPECIAL COUNSEL ROBERT S. MUELLER III | Misc. No. 19-45 (BAH)<br><br>Chief Judge Beryl A. Howell |

## MEMORANDUM OPINION AND ORDER

The Reporters Committee for Freedom of the Press ("Reporters Committee") has applied for an order authorizing the release to the public of the grand jury material cited, quoted, or referenced in Special Counsel Robert S. Mueller III's *Report on the Investigation into Russian Interference in the 2016 Presidential Election* ("Mueller Report"). *See* Application of the Reporters Committee for Freedom of the Press for an Order Authorizing the Release of Grand Jury Material Cited, Quoted, or Referenced in the Report of Special Counsel Robert S. Mueller III ("App."), at 1, ECF No. 1; *see also* LCrR 57.6 (authorizing "[a]ny news organization or other interested person" to file application for relief "relating to a . . . grand jury matter" and directing referral, if no judge has been assigned to the matter, "to the Chief Judge for determination"). In compliance with Department of Justice regulations, Special Counsel Mueller submitted, on March 22, 2019, his "confidential report explaining the prosecution or declination decisions [he] reached" to Attorney General William Barr. 28 C.F.R. § 600.8(c); *see* Attorney General William P. Barr Delivers Remarks on the Release of the Report on the Investigation into Russian Interference in the 2016 Presidential Election (Apr. 18, 2019), https://www.justice.gov/opa/speech/attorney-general-william-p-barr-delivers-remarks-release-report-investigation-russian

1

("Barr Remarks"). About one month later, on April 18, 2019, the Attorney General released to Congress and the public a redacted version of the Mueller Report, explaining that the categories of information redacted included grand jury material subject to Federal Rule of Criminal Procedure 6(e). *See* Barr Remarks.[1]

The Reporters Committee's Application, filed on April 1, 2019, before the redacted version of the Mueller Report was made available, urged public release of the requested grand jury materials pursuant primarily to an inherent authority of district courts to unseal grand jury materials when the public interest in disclosure outweighs the need for continued secrecy. *See* App. at 9–18 (citing, *inter alia*, *In re Unseal Dockets Related to Indep. Counsel's 1998 Investigation of President Clinton*, 308 F. Supp. 3d 314 (D.D.C. 2018); *In re Craig*, 131 F.3d 99 (2d Cir. 1997); *Carlson v. United States*, 837 F.3d 753 (7th Cir. 2016)). Less than one week after the filing of the instant Application, however, the D.C. Circuit held on April 5, 2019, in *McKeever v. Barr*, 920 F.3d 842 (D.C. Cir. 2019), *reh'g denied*, Order, No. 17-5149 (July 22, 2019), *docketing petition for cert.*, No. 19-307 (U.S. Sept. 5, 2019), that Rule 6(e)'s specified exceptions to the general rule of grand jury secrecy are exhaustive and that district courts therefore lack inherent authority, outside what that Rule provides, to order disclosure of grand jury materials. *Id.* at 845.

In the alternative, the Reporters Committee Application sought disclosure of the requested information under three exceptions specified in Rule 6(e). *See* App. at 18–23. "In light of" *McKeever*, the Reporters Committee now "limit[s] its arguments in favor of public

---

[1] Other categories of information redacted from the Mueller Report included intelligence that could compromise sensitive sources and methods, information that could harm ongoing law enforcement matters, and certain information about third parties. *See* Letter from William Barr, Attorney General, to Lindsey Graham, Chairman, Committee on the Judiciary, United States Senate and Jerrold Nadler, Chairman, Committee on the Judiciary, United States House of Representatives (Mar. 29, 2019), https://www.justice.gov/ag/page/file/1153021/download. The pending application does not request access to these other categories of redacted information.

access to those based on Rule 6(e)'s express exceptions." Reporters Comm.'s Mot. to Consolidate ("Comm.'s Mot.") at 3 n.1, ECF No. 13.[2]

Pending, in addition to the Application itself, are the Reporters Committee's motion to consolidate this matter with *In re: Application of the Committee on the Judiciary, U.S. House of Representatives, for an Order Authorizing the Release of Certain Grand Jury Materials*, No. 19-gj-48 (BAH), *see* Comm.'s Mot. at 1, and a cross-motion by the government to dismiss or deny the Application, *see* Gov't Mot. to Dismiss or Deny App. Without Prejudice ("Gov't Mot."), ECF No. 14. For the reasons that follow, the Reporters Committee's Application and motion are DENIED and the government's cross-motion is GRANTED.

---

[2] The Application seeks an order under Rule 6(e) alone, but other statutory sources supply district courts with authority to grant relief related to grand jury matters. *See, e.g.*, 18 U.S.C. § 3322(b)(1) (allowing a court to order disclosure of grand jury material to financial institution regulatory agency personnel); 18 U.S.C. § 3333(b) (authorizing court to make public special grand jury reports); 18 U.S.C. § 3500(b) (authorizing court to order the government to produce to criminal defendants statements of grand jury witnesses). For example, despite its position here that Rule 6(e) exclusively governs disclosure of grand jury materials, the government has sought and obtained court orders related to grand jury matters under the All Writs Act, 28 U.S.C. § 1651. *See, e.g.*, *Doe v. United States*, 487 U.S. 201, 204 n.3 (1988) (noting district court order, issued pursuant to the All Writs Act, to compel grand jury witness to execute consent forms for disclosure of his possible foreign bank accounts to facilitate enforcement of grand jury subpoenas served on the banks); *In re United States for an Order Pursuant to 28 U.S.C. § 1651(a) for Order Precluding Notice of Grand Jury Subpoena*, No. 17-mc-1604, 2017 WL 3278929 at *3 (D.D.C. July 7, 2017) (collecting cases relying on court's inherent authority and the All Writs Act to issue non-disclosure orders barring grand jury witnesses from disclosing to an investigatory target matters occurring before the grand jury). The All Writs Act, however, only "operates where statutes or federal rules have left a vacuum," *In re Application of United States for an Order Pursuant to 28 U.S.C. § 1651(a) Precluding Notice of a Grand Jury Subpoena*, No. 19-wr-10, 2019 WL 4619698 at *2 (D.D.C. Aug. 6, 2019) (citing *Carlisle v. United States*, 517 U.S. 416, 429 (1996)), and *McKeever*, in rejecting any "deviations from the detailed list of exceptions in Rule 6(e)," 920 F.3d at 846, indicated that 6(e) comprehensively regulates at least certain aspects of grand jury secrecy, leaving few gaps for the All Writs Act to fill, *see In re Application of United States for an Order Pursuant to 28 U.S.C. § 1651(a) Precluding Notice of a Grand Jury Subpoena*, 2019 WL 4619698 at *3–5 (denying, post-*McKeever*, government's application for "gag" order for grand jury witness because Rule 6(e)(2)(A) expressly states that "[n]o obligation of secrecy may be imposed on any person except in accordance with Rule 6(e)(2)(B)," which, in turn, notably excuses grand jury witnesses from any secrecy obligation). That said, the All Writs Act is flexible, and the Supreme Court has held that it can operate in contexts where procedural rules might at first blush appear comprehensive. *See United States v. Morgan*, 346 U.S. 502, 506 (1954) (holding that All Writs Act authorized independent action for writ of *coram nobis* to collaterally attack criminal conviction of habeas-ineligible defendant outside the limits set for obtaining relief from judgment under Federal Rule of Civil Procedure 60(b), notwithstanding that Rule 60(e) expressly "abolished . . . writs of *coram nobis*," FED. R. CIV. P. 60(e)); *McKeever*, 920 F.3d at 845 (distinguishing Rule 6(e) from Rule 60(b) because the latter has "a residual exception . . . permitting the court to relieve a party from final judgment or order for five listed reasons as well as 'any other reason that justifies relief,'" but not grappling with the express abolition in Rule 60(e) that the *Morgan* Court concluded was no bar to revival of the writ of *coram nobis* (quoting FED. R. CIV. P. 60(b)). Consequently, *McKeever* narrowed, but might not have eliminated, the availability of the All Writs Act as a basis to issue grand jury–related orders.

I.      ANALYSIS

Federal Rule of Criminal Procedure 6(e) governs, as the title reflects, "Recording and Disclosing the Proceedings" of a grand jury, enumerating in one subparagraph the persons obliged to keep secret "a matter occurring before the grand jury," "[u]nless these rules provide otherwise," FED. R. CRIM. P. 6(e)(2)(B); *see also id.* 6(e)(2)(A) ("No obligation of secrecy may be imposed on any person except in accordance with Rule 6(e)(2)(B)."), and in the next paragraph, the "Exceptions" when such grand jury matters may be disclosed, *id.* 6(e)(3). Rule 6(e)(3) specifies first the circumstances when an "attorney for the government," who is otherwise bound by secrecy under Rule 6(e)(2)(B)(vi), may disclose grand jury matters, *see id*. 6(e)(3)(A)–(D), and next the five circumstances when a "court may authorize disclosure . . . of a grand jury matter," *id*. 6(e)(3)(E)(i)–(v).

Before *McKeever*, in addition to ordering disclosure under the five circumstances in Rule 6(e)(3)(E), this Court had exercised inherent authority to release grand jury materials in special circumstances where the public interest in disclosure outweighed any enduring need for secrecy or the privacy interests of third parties. *See, e.g.*, *In re Petition of Kulter*, 800 F. Supp. 2d 42, 50 (D.D.C. 2011); *In re Application to Unseal Dockets*, 308 F. Supp. 3d at 326–27. District courts in several other circuits retain that inherent authority. *See Carlson*, 837 F.3d at 766–67; *In re Craig*, 131 F.3d at 105; *In re Hastings*, 735 F.2d 1261, 1272 (11th Cir. 1984); *Pitch v. United States*, 915 F.3d 704, 708 (11th Cir.), *vacated and reh'g en banc granted*, 925 F.3d 1224, 1225 (11th Cir. 2019). In this Circuit, however, *McKeever* resolved that "the list of exceptions" in Rule 6(e)(3) "is exhaustive." 920 F.3d at 845 ("Rules 6(e)(2) and (3) together explicitly require secrecy in all other circumstances.").

After *McKeever*, the Reporters Committee "limit[ed] its arguments" to three of Rule 6(e)(3)'s enumerated exceptions. Comm.'s Mot. at 3 n.1. The first, the Duty exception, states

4

that "[d]isclosure of a grand-jury matter . . . may be made to . . . an attorney for the government for use in performing that attorney's duty." FED. R. CRIM. PRO. 6(e)(3)(A)(i). The second, the Foreign Intelligence exception, provides that "[a]n attorney for the government may disclose any grand-jury matter involving foreign intelligence, counterintelligence . . . , or foreign intelligence information . . . to any federal law enforcement, intelligence, protective, immigration, national defense, or national security official to assist the official receiving the information in the performance of that official's duties." *Id.* 6(e)(3)(D). The third, the Judicial Proceeding exception, at Rule 6(e)(3)(E)(i), permits "[t]he court" to "authorize disclosure—at a time, in a manner, and subject to any other conditions that it directs—of a grand-jury matter . . . preliminary to or in connection with a judicial proceeding."

The Reporters Committee's reliance on the first two exceptions is misplaced. Those exceptions authorize government attorneys to make disclosures without any judicial order. *See United States v. Sells Eng'g, Inc.*, 463 U.S. 418, 426 (1983) (noting that disclosures by government attorneys occur "as a matter of course without any court order").[3] Indeed, they prescribe no role for a court, other than as the recipient of government notices that a disclosure was made. *See* FED. R. CRIM. P. 6(e)(3)(A)(ii) (requiring government attorneys to "promptly provide the court . . . with the names of all persons to whom a disclosure has been made); *id.* 6(e)(3)(D)(ii) ("Within a reasonable time after disclosure is made under Rule 6(e)(3)(D), an attorney for the government must file . . . a notice with the court . . . stating that such information was disclosed . . . .").[4]

---

[3] The rule need not specify that the government, rather than a court, decides whether to make a disclosure under these exceptions, as "Rule 6 assumes the [grand jury] records are in the custody of the Government, not that of the court." *McKeever*, 920 F.3d at 848 (citing FED. R. CRIM. P. 6(e)(1)). Nevertheless, Rule 6(e)(3)(C) and (D) identify "[a]n attorney for the government" as the discloser.

[4] As of March 2016, this Court has docketed under seal these disclosure notices.

In other words, neither the Duty nor the Foreign Intelligence exception authorizes a court to order release of grand jury material. Both exceptions sit outside of subparagraph (E), which states the five circumstances in which "a court may authorize disclosure." *Id.* 6(e)(3)(E). Again, in holding that "deviations from the detailed list of exceptions in Rule 6(e) are not permitted," *McKeever* limited the district court's Rule 6(e) authority to order the release of grand jury materials to those five circumstances. 920 F.3d at 846; *see also id.* at 845.

Moreover, neither the Duty nor the Foreign Intelligence exception allows disclosure of grand jury material to the Reporters Committee, which plainly is neither "an attorney for the government," FED. R. CRIM. P. 6(e)(3)(A)(i), nor a "federal law enforcement, intelligence, protective, immigration, national defense, or national security official," *id.* 6(e)(3)(D). Recognizing this, the Reporters Committee clarifies that it seeks an order stating that these two exceptions allow the Attorney General to disclose the sought-after materials to the House Judiciary Committee. *See* Reporters Comm.'s Opp'n to Gov't Cross-Mot. to Dismiss or Deny App. Without Prejudice ("Comm.'s Opp'n") at 13–14, ECF No. 21. The Reporters Committee cannot litigate on behalf of the House Judiciary Committee, which has filed its own application for grand jury material related to the Mueller Report.[5]

The Reporters Committee maintains that its arguments related to the House Judiciary Committee are relevant because "[i]f this Court determines that [the Duty and Foreign Intelligence] exceptions apply, the Attorney General will have no justification for withholding

---

[5] The Reporters Committee insists that it has standing to "seek release of Rule 6(e) material either to itself directly or through a willing speaker," Comm.'s Opp'n at 11, citing the Supreme Court's statement that where "a [willing] speaker exists, . . . the protection afforded is to the communication, to its source and to its recipients both." *Va. State Bd. of Pharmacy v. Va. Citizens Consumer Council, Inc.*, 425 U.S. 748, 756 (1976) (holding that consumers have standing to challenge restrictions on advertising). The willing speaker doctrine, which developed in the First Amendment context, is inapplicable here, as "there is no First Amendment right of access to grand jury proceedings." *In re Motions of Dow Jones & Co.*, 142 F.3d 496, 499 (D.C. Cir. 1998). In any event, the House Judiciary Committee is not a "speaker" (even setting aside questions about its willingness to speak): that body does not currently have the grand jury information redacted from the Mueller Report that the Reporters Committee seeks.

the redacted materials. He will be permitted to release it, and the Court may compel him to." Comm.'s Opp'n at 14. As already explained, however, Rule 6(e), on *McKeever*'s reading, does not allow district courts to compel disclosure under those exceptions, and the Reporters Committee points to no other potential source of authority.

Finally, the Reporters Committee seeks disclosure of the grand jury material under Rule 6(e)(3)(E)(i), which permits courts to "authorize disclosure—at a time, in a manner, and subject to any other conditions that it directs—of a grand-jury matter . . . preliminary to or in connection with a judicial proceeding." Interpreting this provision in *Baggot v. United States*, 463 U.S. 476 (1983), the Supreme Court explained: "If the primary purpose of disclosure is not to assist in preparation or conduct of a judicial proceeding, disclosure . . . is not permitted." *Id.* at 480; *see also id.* ("[T]he Rule contemplates only uses related fairly directly to some identifiable litigation, pending or anticipated."); *see also Sells Eng'g*, 463 U.S. at 442–43 (requiring a "strong showing of particularized need for grand jury materials before any disclosure will be permitted" under Rule 6(e)(3)(E)(i)).

The Reporters Committee asserts a need for the requested material to aid in "journalists' newsgathering activities, as well as its own efforts to ensure government transparency." Comm.'s Opp'n at 7. To be sure, those activities and efforts have significant value, but they are wholly unrelated to preparing for or conducting a judicial proceeding, and therefore fall outside the scope of this exception. Further, the Application's discussions of the "various committees of the House of Representatives investigating . . . conduct that spurred the appointment of the Special Counsel" are irrelevant because the Reporters Committee lacks (and indeed does not attempt to show that it possesses) an interest in those House matters that is more particularized or

concrete than the interest of any member of the public. App. at 19; *see also* Comm.'s Opp'n at 4–9.

In short, none of Rule 6(e)'s exceptions authorize the court order the Reporters Committee's Application seeks.

## II.   ORDER

For the foregoing reasons, it is hereby

**ORDERED** that the Application of the Reporters Committee for Freedom of the Press for an Order Authorizing the Release of Grand Jury Material Cited, Quoted, or Referenced in the Report of Special Counsel Robert S. Mueller III, ECF No. 1, is DENIED without prejudice; and it is further

**ORDERED** that the government's Motion to Dismiss or Deny the Application Without Prejudice, ECF No. 14, is GRANTED; and it is further

**ORDERED** that the Reporters Committee's Motion to Consolidate, ECF No. 13, is DENIED as moot; and it is further

**ORDERED** that the Clerk of the Court is directed to close this case.

**SO ORDERED.**

*This is a final and appealable order*.

Date: September 26, 2019

_____
BERYL A. HOWELL
Chief Judge